UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **NANCY ZYZEK, ET AL** | * | **CIVIL ACTION NO. 15-1891** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **AMERICAN SECURITY INSURANCE CO.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are the following motions: (1) a motion to compel initial disclosures and associated request for costs [doc. # 17] and (2) a motion to compel discovery and associated request for costs [doc. # 19] both filed by Defendant American Security Insurance Company ("American Security").[1] The motions are unopposed. For reasons detailed below, the motion to compel initial disclosures, and the associated request for fees, are GRANTED.[2] Additionally, the motion to compel discovery and associated request for fees are GRANTED.

### Background

On May 15, 2015, plaintiffs, Nancy Zyzek, Kenneth Vierdag, Natalie Vierdag, Dalton Vierdag, Brock Vierdag and Ryker Vierdag, filed the instant petition for damages against American Security in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

---

[1] Plaintiffs identified Defendant as "Assurant Security Insurance Company" in their original petition; however, the correct name of the Defendant is American Security Insurance Company. [docs. # 1, p. 2; # 1-1].

[2] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

[doc. # 1-1]. Property owner, Nancy Zyzek asserts a property damage insurance claim in order to retrieve policy benefits for hail and wind damage to the insured property. *Id.* Nancy Zyzek's tenants, the Vierdag family, assert personal injury claims alleging American Security responded to the property damage claim in bad faith. *Id.* On June 17, 2015, American Security removed the matter to federal court on the basis of diversity jurisdiction. [doc. # 1].

After removal, and in accordance with this court's Civil Case Management Order, the parties held their Rule 26(f) conference on August 26, 2015. [doc. # 10]. American Security represented in the Rule 26(f) Case Management Report that Plaintiffs had failed to provide any disclosures. *Id.* Thus, Plaintiffs were required to exchange initial disclosures by September 10, 2015, within 14 days after the conference. [*See* doc. # 17-1, p. 2]; FED. R. CIV. P. 26(a)(1)(C). On September 15, 2015, Defendant served Plaintiffs with discovery requests in the form of Interrogatories, Requests for Production, and Requests for Admission. [doc. # 19-2]. As of October 20, 2015, more than fifty days after the Rule 26(f) conference, Plaintiffs had only submitted a partial mold report and a declaration by plaintiff Kenneth Vierdag as support for Plaintiffs' opposition to a motion for summary judgment. [doc. # 15].

Defendant contacted plaintiffs' counsel concerning Plaintiffs' failure to submit Rule 26 initial disclosures. [doc. # 19-6]. Plaintiffs' counsel responded on October 23, 2015, that he would provide the Rule 26 initial disclosures to Defendant by October 26, 2015, and the discovery responses by October 28, 2015. *Id.* On October 27, Plaintiffs presented Defendant with a document titled, "Plaintiff's Initial Rule 26 Disclosures"; however, Defendant claims these disclosures are insufficient. [doc. # 19, p. 2].

On October 20, 2015, American Security filed the instant motion to compel initial

disclosures, and request for associated attorney's fees. [doc. # 17]. On October 30, 2015, after Plaintiffs failed to provide Defendant with Plaintiffs' discovery responses, Defendant filed the instant motion to compel discovery, and request for associated attorney's fees. [doc. # 19]. Plaintiffs failed to respond to either motion, and the time do so has lapsed. [*See* docs. # 18, 20]. Thus, these matters are now before the court.

**Analysis**

I.    **Motion to Compel Initial Disclosures**

Defendant argues that Plaintiffs have not yet produced sufficient initial disclosures, as required by Rule 26(a)(1). Rule 26(a) provides that unless a proceeding is exempt from producing initial disclosures, a party has a mandatory obligation to produce initial disclosure to the opposing party. *S. U.S. Trade Ass'n v. Unidentified Parties*, 2012 WL 112238, at *2 (E.D. La. Jan. 11, 2012). Pursuant to the Federal Rules of Civil Procedure, Plaintiffs were required to produce their initial disclosures to American Security by September 10, 2015. FED. R. CIV. P. 26(a)(1)(C); [doc. # 10]. Rule 26(a) mandates that a party provide to other parties: "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." FED. R. CIV. P. 26(a)(1)(A)(i).

American Security contends that defense counsel requested Plaintiffs' initial disclosures at the Rule 26(f) conference on August 26, 2015 and at the Rule 16(b) scheduling conference on September 3, 2015. [doc. # 17-1, p. 3]. Defense counsel also requested Plaintiffs' initial disclosures in writing on October 16, 2015 and by telephone messages on October 19 and 20, 2015. *Id.*; [doc. # 17-2]. As a result of Plaintiffs' failure to propound initial disclosures,

Defendant filed the instant motion to compel. [doc. # 17]. However, since Defendant filed the motion to compel initial disclosures, Plaintiffs have provided Defendant with Plaintiffs' initial disclosures. [doc. # 19-1, p. 2]. In these disclosures, Plaintiffs identified the individuals that likely have discoverable information with generic titles, such as "Personnel at Air Marshall's Environmental." [doc. # 19-3]. Plaintiffs also produced photos of incomplete medical records and two property damage estimates. [docs. # 19-4, 19-5]. In American Security's motion, Defendant argues that Plaintiffs should be compelled to provide the name, address and telephone number if known for each individual likely to have discoverable information Plaintiffs may use to support their claims and defenses, as required by Rule 26(a)(1)(A)(i).

The Court finds that initial disclosures generically listing personnel to be insufficient with respect to Rule 26(a)(1)(A)(i). The purpose of the 1993 amendments to Rule 26(a)(1) was to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." FED. R. CIV. P. 26(a) advisory committee's note (1993 Am.). Plaintiffs' use of generic categories of unnamed individuals could apply to many individuals and does not advance the goal of exchanging basic discoverable information about individuals likely to have discoverable information Plaintiffs may use to support their claims or defenses. It also impedes the goal of eliminating the need for serving and responding to separate written discovery requests to obtain this information. Accordingly, the Court finds that Plaintiffs' mere identification of individuals not by name but by a generic label that could apply to a number of its individuals is not sufficient to satisfy its initial disclosure obligations under Rule 26(a)(1)(A)(i).

II.     **Motion to Compel Discovery**

In support of its motion, Defendant argues that it propounded Rule 33 and 34 production requests upon Plaintiffs on September 15, 2015. [doc. # 19-2]. However, Defendant claims that Plaintiffs have still failed to respond to the discovery requests. [doc. # 19-1]. Defendant further argues that on October 23, 2015, it contacted Plaintiffs concerning setting a discovery conference, in which Plaintiffs' counsel stated he would provide Defendant with the discovery responses by October 28, 2015. [doc. # 19-6]. However, after the expiration of this time period, Plaintiffs still failed to provide Defendant with their responses. [doc. # 19-1]. Defendant then filed the instant motion to compel discovery. *Id.*

Rule 33 permits a party to propound upon another party "no more than 25 written interrogatories, including discrete subparts." FED. R. CIV. P. 33(a)(1). The responding party must respond within 30 days after service. *Id.* at (b)(2)(A). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at 33(b)(4).

Rule 34 further provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). Similarly, Rule 34 provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

The Court notes that Defendant has attached a copy of the discovery requests, both dated September 15, 2015, to its motion. [doc. # 19-2]. Defendant has also attached its October 24, 2015, email setting the discovery conference, in which Plaintiffs' counsel stated that he would provide the discovery responses by Wednesday October 28, 2015. [doc. # 19-6]. The instant motion, filed on October 30, 2015, is beyond the agreed-upon extension. Upon inspection of Defendant's discovery requests, the Court finds them relevant. Moreover, Plaintiffs have completely failed to oppose the instant motion, object to the requests, or otherwise demonstrate in any manner why they have "good cause" not to file responses.

As such, the Court finds that Defendant's motion is meritorious and that it should be granted as unopposed. Plaintiffs shall provide full and complete responses to the requested discovery no later than 14 days after the issuance of this Order.

**III.     Request for Reasonable Expenses Related to the Motion**

Rule 37 of the Federal Rules of Civil Procedure specifies that, "[i]f a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(3)(a). In addition, the court generally must award reasonable expenses to the prevailing party on a motion to compel. FED. R. CIV. P. 37(a)(5)(A).[3] The Court finds Plaintiffs' failure to respond or otherwise object to Defendant's discovery responses within the applicable legal delays was not substantially justified, thereby making an award of reasonable attorney's fees and costs appropriate. *See id.* As such, Defendant is awarded reasonable attorney's fees incurred in filing the instant motions.

## Conclusion

---

[3] Although this rule recognizes exceptions, they are not present here.

For the above-assigned reasons,

**IT IS ORDERED** that Defendant's motions to compel and request for costs [docs. # 17, 19] are hereby **GRANTED**, as follows,

**IT IS FURTHER ORDERED** that plaintiffs Nancy Zxyzek, Kenneth Vierdag, Natalie Vierdag, Dalton Vierdag, Brock Vierdag and Ryker Vierdag shall provide defendant American Security Insurance Co. with their supplemental Rule 26(a) initial disclosures, within the next fourteen (14) days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiffs Nancy Zxyzek, Kenneth Vierdag, Natalie Vierdag, Dalton Vierdag, Brock Vierdag and Ryker Vierdag shall provide full and complete responses to defendant American Security Insurance Co.'s Rule 33 Interrogatories and Rule 34 Requests for Production of Documents, propounded on September 15, 2015 no later than fourteen (14) days after the issuance of this Order.

**IT IS FURTHER ORDERED** that American Security Insurance Co. is awarded reasonable attorney's fees and expenses incurred in filing the instant motion. American Security Insurance Co. is to file with the Court the documentation required by Local Rule 54.2. American Security Insurance Co. is required to file a motion for attorney's fees containing this information no later than December 16, 2015. Any opposition to the motion must be submitted no later than December 23, 2015, at which time the motion will be heard on the briefs.

In Chambers, at Monroe, Louisiana, this 2nd day of December 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE