UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NANCY ZYZEK, ET AL. | CIVIL ACTION NO. 15-1891 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AMERICAN SECURITY INSURANCE COMPANY | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before this Court is Defendant, American Security Insurance Company's ("American Security") Motion for Partial Summary Judgment (Record Document 8) and Motion for Summary Judgment (Record Document 26). Plaintiffs, Nancy Zyzek, Kenneth Vierdag, Natalie Vierdag, Dalton Vierdag, Brock Vierdag, and Ryker Vierdag ("Plaintiffs"), have filed an Opposition to the Motion for Partial Summary Judgment (Record Document 15) and an Opposition to the Motion for Summary Judgment (Record Document 40). For the reasons set forth in this Memorandum, the Motion for Partial Summary Judgment and Motion for Summary Judgment are **GRANTED**.

**BACKGROUND**

Nancy Zyzek ("Zyzek") is the owner and landlord of the property in question, located at 916 Barron Road in Keithville, Louisiana. See Record Document 1 at ¶1. The remaining plaintiffs, Kenneth and Natalie Vierdag, and their minor children, Dalton, Brock and Ryker Vierdag, were living in the home at the time of the loss. See id. On or about May 16, 2013, the home was badly damaged by wind and moisture arising from a windstorm and tornadic activity. See id. at ¶ 2. American Security insured the dwelling in question for property damage only with a hazard insurance policy. See Record Document 1-2.

The Residential Policy in question is limited to hazard insurance, which was required under the terms of the mortgage agreement between Zyzek and JP Morgan Chase Bank ("JP Morgan"), the holder of the mortgage. See id. JP Morgan obtained hazard insurance for the property as a result of Zyzek failing to obtain and provide proof of hazard insurance on her own. The hazard insurance policy was obtained through American Security, with a policy number of ALR21025375958. See id. JP Morgan Chase Bank is the named Mortgagee on the insurance policy, and Zyzek is the "Additional Insured" on the policy. See id. The Vierdag family is not named in the policy.

The hazard insurance policy is limited in coverage, which is outlined in the correspondence between JP Morgan and Zyzek, as well as in the hazard insurance policy itself. See id. JPMorgan Chase was explicit in their correspondence that "the hazard insurance we purchased will cover only the structure of your home (for example, the building, walls, floors, roof and permanent attachments)." Id. In addition, JP Morgan made clear what is not covered under the policy:

> It will not cover your furniture or any of your other personal belongings. It will not cover the cost of temporarily living outside of your home because it was damaged and is being repaired. It will not cover any liability to you or any mandatory liability insurance requirements imposed by state or local law.

Id. The policy contains the following language with regards to "additional insured endorsement": "Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Insureds as their interests may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Insured, at our option." Id.

Zyzek reported her wind claim to American Security on May 17, 2013. See Record Document 26-8. Adjuster Tim Nesmith ("Nesmith") of Southeastern Claims Service, Inc.,

was hired by American Security to inspect the insured property, which occurred on May 28, 2013.  See id.  Nesmith issued his report and estimate to American Security on June 5, 2013.  See id.  American Security paid $14,499.98 on June 24, 2013 on the Zyzek wind claim, based on the estimate prepared by adjuster Nesmith.  See id.  American Security followed up by releasing the recoverable depreciation in the amount of $8,453.40 on February 26, 2014.  See id.

Plaintiffs are alleging America Security failed to perform under the insurance policy, and breached the duties of good faith and fair dealing under La. R.S. 22:1892 and 22:1973.  They also allege America Security breached the delictual duties owed under Louisiana Civil Code Article 2315.

**LEGAL STANDARD**

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment *or Partial Summary Judgment*. A party may move for summary judgment, identifying each claim or defense--*or the part of each claim or defense*--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added)[1]; see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[2]  "Rule 56[(a)] mandates the entry of summary

---

[1] The Advisory Committee Notes reflect that subsection (a) was amended in 2010 "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense" and "the common phrase 'partial summary judgment'" was added.

[2] The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and Advisory Committee Notes.

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.2002).

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993).

## ANALYSIS

**I.  The Vierdag Family's Claims**

American Security argues that they owe the Vierdags no legal duty for which relief can be granted in this matter, there is "no evidence" to support the Vierdags' claims, such as they are, and the Vierdags' claims are prescribed. This Court will first address the issue of whether the Vierdags have standing to assert the claims made in the complaint.

Plaintiffs have brought their claims under La. R.S. 22:1973 and 22:1892. Section 1973 states that:

> An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

The statute goes on to list acts which if "knowingly committed or performed by an insurer" constitute a breach of the insurer's duties. An insurer's duties are deemed to have been breached if any of the following acts occurs:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
>
> (4) Misleading a claimant as to the applicable prescriptive period.
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
>
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

La. R.S. 22:1973(B).

Plaintiffs argue that third party claimants may obtain statutory penalties and attorney fees for a liability insurer's failure to make a written offer to settle a property damage claim after receiving satisfactory proof of loss if the insurer's failure to pay is arbitrary, capricious,

or without probable cause.[3]  See Record Document 15.  The Louisiana Supreme Court held in Theriot v. Midland Risk Insurance Company, 95-2895 (La. 5/20/97), 694 So.2d 184, that while the Louisiana bad faith statutes do create limited causes of action in favor of third party-claimants, "only the commission of the specific acts listed in La. R.S. 22:1220, B can support a private cause of action for breach of the statute."  Id. at 193.

La. R.S. 22:1973(B) provides an enumerated list of causes of action that may be brought by a third party.  Plaintiffs allege seven causes of action under La. R.S. 22:1892 and 22:1973; however, they do not distinguish which claims fall under which statute.  In reviewing the petition, it appears that they have alleged violations of Section 1973 (B)(2) and (B)(5).  They allege that American Security failed to "pay the amount of the claim due the petitioners within 30 days after receiving satisfactory proof of loss" and that they have also failed "to make a written offer to settle the petitioners' property damage claim within 30 days after receiving satisfactory proof of the loss."  Record Document 1-1.  Additionally they maintain that American Security "arbitrarily, capriciously, and without probable cause fail[ed] to pay the amount of the claim due within 30 days after receiving satisfactory proof of the loss; and arbitrarily, capriciously, and without probable cause fail[ed] to pay the amount of the claim within 60 days after receiving satisfactory proof of the loss."  Id.

Under Section 1973(B)(2), it is a breach of the insurer's duties to "fail to pay a settlement within thirty days after an agreement is reduced to writing."  The statute also makes it a breach of the insurer's duties to fail "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss

---

[3]It is important to note that the insurance policy in question is a hazard insurance policy and not a liability insurance policy.

from the claimant when such failure is arbitrary, capricious, or without probable cause," under Section 1973 (B)(5). With regards to Section 1973(B)(2), there is no evidence that any settlement agreement between the Vierdags and American Security was ever reached or reduced to writing; therefore, there is no duty on American Security to pay within 30 days of the agreement being "reduced to writing." The language of Section 1973(B)(5) is only applicable to "any person insured by the contract." The term "insured" is defined by La. R.S. 22:1962 as "the party named on a policy or certificate as the individual with legal rights to the benefits provided by such policy." Using the statutory definition of "insured," only JP Morgan Chase and Zyzek can be the "insured" for purposes of this statute, as they are the only named insureds on the insurance policy. While third parties may bring claims under Section 1973, it is clear that none of the claims raised by the Vierdags in their complaint are encompassed by Section 1973.

The Vierdags also assert claims under La. R.S. 22:1892, which applies to both insureds and third parties. Section 1892(A)(1) provides:

> All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

This subsection clearly only applies to claims that have been filed by an "insured" against the "insurer." As previously established, the only insureds in this matter are JP Morgan Chase and Zyzek. It is clear that Section 1892(A)(1) is not applicable to the Vierdags as they are not the insured. The Vierdags could perhaps argue that Section 1892(A)(2) applies to them as third parties, with the language of the statute reading:

> All insurers issuing any type of contract, other than those specified in R.S.

> 22:1811, R.S. 22:1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.

Similar to the language found in La. R.S. 22:1973, this subsection applies when there has been a written agreement of a settlement of the claim. The Vierdags are not bona fide third party claimants, as there has been no evidence provided that there was any type of written agreement to settle a claim between the Vierdags and American Security.

With regard to La. Civil Code Art. 2315, the Vierdags have alleged that Defendant acted "negligently in investigating and paying the insurance claim." Record Document 1-1 at ¶17. In order to state a claim for negligence, a party must show a legal duty owed by Defendant to the injured party. See Pitre v. Opelousas Hospital, 530 So. 2d 1151, 1156 (La. 1988). The Vierdags have failed to establish any legal, contractual or duty owed by Defendant to them.

This Court is unable to locate any case holding or even intimating that occupants are entitled to a duty by a hazard insurance company under these circumstances. After examining the language of both Sections 1973 and 1982, along with La. Civil Code Art. 2315, it is clear that the Vierdags do not have standing to bring their claims against American Security: they are not the insureds in the subject policy and they do not fall within the applicable statutory language for bona fide third parties. Accordingly, it is appropriate for American Security's Motion for Partial Summary Judgment as to the Vierdag plaintiffs to be **GRANTED**.

II. **Zyzek's Claims**

Zyzek is the additional named insured on the policy, and thus there is no question

that she has standing. The complaint alleges a number of causes of action under a variety of statutes. These include the allegation that American Security failed to perform under the insurance policy, breached the duties of good faith and fair dealing set forth in La. R.S. 22:1892 and 1973, and breached the delictual duties owed under Article 2315 of the Louisiana Civil Code. See Record Document 1-1. American Security argues that there is no evidence that any additional policy benefits are due to Zyzek, that there is no evidence it failed to pay any policy benefits due within statutory deadlines, or that it is otherwise liable for alleged bad faith dealing with its insureds.

### A.     Failure to Perform Under the Insurance Policy

Zyzek's assertion that America Security "failed to perform" under the insurance policy includes the allegations that American Security did not thoroughly investigate the claim, it did not pay the claim despite obvious damage, it did not tender the proceeds due under the policy in a timely fashion, and it did not act reasonably under the circumstances. Id. at ¶ 15. With regard to the claims made by Zyzek, it is necessary to examine the timeline of events. Chad Kelley ("Kelley"), the claims adjuster with American Security Insurance Company, provided a sworn declaration. See Record Document 26-8. He states that Zyzek reported her wind claim on May 17, 2013, and refers to his Notice of Loss. See Record Document 8-2. The Notice of Loss indicates that the date of loss was May 16, 2013 and the date reported was May 17, 2013. See id. Kelley also indicates that Nesmith inspected the insured property on May 28, 2013, and refers to his Final Report prepared by Southeastern Claims Service for American Security. See Record Document 8-3. The Final Report indicated that the net claim if depreciation is recovered would be $22,953.38. See id. American Security paid $14,499.98 on the claim based on the

estimate prepared by Nesmith on June 24, 2013.  See Record Document 26-8, Exhibit A. American Security then released the recoverable depreciation in the amount of $8,453.40 on February 26, 2014.  See id., Exhibit B.

Zyzek disputes American Security's allegation that a timely inspection occurred and that a timely adjustment of the claim occurred.  She relies on the "claims file notes," which appears to be a print out of claim notes made by several different individuals employed by American Security.  Zyzek argues that the notes do not contain an annotation of an inspection, and that there is a stamp on the third party adjusters' report that suggests the inspection occurred on May 28 and the assignment was closed on May 30, 2013.  This allegedly contradicts the claims file and date on the report.  Further, she alleges that American Security issued an inadequate check in the amount of $14,499.98, rather than the estimate amount provided by the adjuster hired by Plaintiffs of $157,539.93.  See Record Document 40-7.

Zyzek also relies on an unsworn repair estimate prepared by OCRG Consultant Group on behalf of Plaintiffs for the total cost of repairs.  See Record Document 40-6.  This estimate has the amount for the cost of repairs at $157,539.93, but it is unclear from this estimate when the report was prepared.  The only date on the document is May 14, 2014, the date the document was printed.  This date is almost a year after America Security sent the check for $14,499.98.

American Security has provided the sworn declaration of Kelley and the Final Report, which both indicate that the inspection took place on May 28, 2013 and the report was issued on June 5, 2013.  Zyzek has provided no competent summary judgment evidence to contradict these dates.  She merely states that the claim notes do not

reference the date of the inspection or the report being filed. This is not sufficient to prove that there is a question of material fact as to the claim being timely investigated.

With regard to the payment of the claim, American Security has provided the letter from Assurant/American Security that accompanied the check in the amount of $14,499.98 for the claim amount. See Record Document 8-4. American Security is a predecessor to Assurant, and the letterhead from Assurant indicates that the two company names are used jointly in correspondence with Zyzek. The letter indicates that the check for the claim amount was mailed to JP Morgan, who was the named insured on the policy. See id. Zyzek does not argue that she never received the check but, rather, she argues that the check was inadequate based on the estimate provided by adjuster Colt Friday ("Friday"). Friday appears to be a private adjuster that was brought in by Kenneth Vierdag. In his deposition, Kenneth Vierdag stated "I had Colt Friday, a private claims adjustor, come out to help me because I couldn't get Assurant to do anything." Record Document 26-3 at 32. The estimate that Zyzek used for the cost of repairs appears to have been prepared by OCRG Consultant Group, estimating the cost of repairs as $157,539.93. See Record Document 40-6. It is unclear when the estimate was prepared, as it includes costs for mold remediation. Again, there is no notation of a date of inspection on the OCRG estimate but rather a date of 5/14/14, the date the estimate was printed. See id. The report prepared by OCRG and relied upon by Zyzek is not competent summary judgment evidence.

Where the movant has demonstrated an absence of a genuine dispute of material fact, the nonmovant must show specific facts showing that there is a genuine dispute of material fact. Zyzek has provided no specific facts showing that American Security failed to properly or timely investigate or that it failed to make payment for the damages covered

by the hazard policy in a timely manner all pursuant to the terms of the policy and applicable statutes.

### B. Breach of Duties of Good Faith and Fair Dealing

Zyzek also alleges that American Security breached the duties of good faith and fair dealing as set forth in La. R.S. 22:1892 and1973.  She alleges that American Security has not complied with La. R.S. 22:1892(A)(1) and (A)(3) because it failed to pay any claim due within 30 days after receipt of satisfactory proof of loss and that they have failed to initiate loss adjustment of the property damage claim within 14 days after notification of loss. Additionally, she alleges that American Security failed to comply with La. R.S. 22:1973(B)(2) and (B)(5), by failing to pay a settlement within 30 days after an agreement is reduced to writing and failing to pay the amount of any claim due any person insured by the contract within 60 days after receipt of satisfactory proof of loss.

Similar to the Court's analysis for the "failure to perform" under the insurance policy, Zyzek has failed to provide any specific competent evidence that raises a genuine dispute of material fact with respect to investigation and payment of the claim.  The burden shifts to the Plaintiff after the Defendant provided its evidence of an absence of any genuine dispute of material fact.  In this instance, Zyzek has failed to satisfy that burden.

The final claim raised by Zyzek is that American Security breached the delictual duties owed to her under Louisiana Civil Code Article 2315.  There must be damage to a legally protected interest of the plaintiff in order for her to recover under Article 2315.  It is important to note that "the object of the law of tort as shown in article 2315 is reparation of damage caused by fault." See Johnson La. Civil Law Treatise, Insurance, §3:4.  Zyzek is unable to establish that she has suffered tort damages as a result of actions taken by

Defendant in this matter. As a result, she is unable to establish a claim under Article 2315.

It is clear from the record that Zyzek has failed to produce evidence showing a genuine dispute of material fact, and, as a result, summary judgment in favor of American Security is appropriate.

## CONCLUSION

The Court finds that the Vierdags lack standing to bring any claims under La. R.S. 22:1973 and 22:1892. Accordingly, American Security's Motion for Partial Summary Judgment (Record Document 8) as to the Vierdags' claims is **GRANTED**.

Additionally, American Security has established that there is no genuine dispute of material fact with respect to the remaining claims raised by Zyzek. Accordingly, American Security's Motion for Summary Judgment (Record Document 26) as to Zyzek's claims is **GRANTED**.

A judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 29th day of August, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE